UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 09-266-HRW

SARAH ELIZABETH YOUNG,                                PLAINTIFF,

v.                 **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,           DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for supplemental security income benefits on September 20, 2006, alleging disability beginning on January 1, 2004, due to "back" and "nerves" (Tr. 58). This application was denied initially and on

reconsideration. On February 28, 2008, an administrative hearing was conducted by Administrative Law Judge James Alderisio (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, William Ellis, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On May 21, 2008, the ALJ issued his decision finding that Plaintiff was not disabled. Plaintiff was 48 years old at the time of the hearing decision. She has a limited education. Her past relevant work experience consists of work as a motel maid.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of her application (Tr. 13).

The ALJ then determined, at Step 2, that Plaintiff suffers from a healing fracture in the right wrist, chronic low back pain and lumbar strain, organic mental disorder and anxiety-related disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 14).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 14). In doing so, the ALJ specifically considered listings 12.02 and 12.06 (Tr. 14-15).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 18) but determined that she has the residual functional capacity ("RFC") to perform a range of medium work as defined in 20 C.F.R. § 416.967(c), with certain exceptions as set forth in the hearing decision (Tr. 15-18).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 19).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on June 10, 2009 (Tr. 2-5).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 11 and 14] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence,

nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ improperly discredited the opinion of treating physician Dr. Debra J. Eadens and (2) the ALJ failed to adopt the opinion of examining psychologist Gary Maryman. Psy.D. and the restrictions of state agency psychologists Jane Drake, Ph.D. and Lea Perritt, Ph.D. Plaintiff further urges remand for newly discovered evidence.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ improperly discredited the opinion of treating physician Dr. Debra J. Eadens.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques,

and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

In a letter addressed "[t]o whom it may concern", Dr. Eadens opined that Plaintiff is "unable to work" (Tr. 139). The ALJ was correct in disregarding this conclusory remark. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as he did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than her past work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

Moreover, Dr. Eadens opinion of disability is inconsistent with her earlier opinion that Plaintiff could perform "light duty" work (Tr. 18). Nothing in her treatment notes supports a worsening of Plaintiff's condition. Indeed, there is no objective evidence in Dr. Eadens records which supports an opinion of an inability to perform work at any level.

Given the inconsistencies and the dearth of supporting evidence, the Court

finds no error in the ALJ's rejection of Dr. Eadens' opinion.

Plaintiff's second claim of error is that the ALJ failed to adopt the opinion of examining psychologist Gary Maryman. Psy.D. and the restrictions of state agency psychologists Jane Drake, Ph.D. and Lea Perritt, Ph.D.

The ALJ's RFC and hypothetical to the VE are consistent with the findings of Dr. Maryman. As such, the court is somewhat perplexed by Plaintiff's claim of error.

As for Drs. Drake and Perritt, the ALJ did, in fact, discount their opinions. Yet, the Court finds no error in this regard. First, neither actually examined Plaintiff. Therefore, their conclusions are accorded less evidentiary weight than that given to the findings of an examining source. *See* 20 C.F.R. § 416.927(d)(1).

Further, the lack of treatment for mental health impairment supports the ALJ's RFC. Had Plaintiff's mental condition been truly debilitating, one would assume she would have sought treatment.

The Court having reviewed the record finds no error in the ALJ's determination of Plaintiff's mental RFC.

Finally, Plaintiff urges remand for newly discovered evidence. Specifically, Plaintiff argues that the Appeals Council should have considered a Medical Source Statement completed by Dr. Eadens in July 2008, which was not in the

record before the ALJ (Tr. 320-323).

> Sentence six of 42 U.S.C. §405(g) provides:
>
> The court . . . may at any time order additional evidence be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. §405(g). However, the limited circumstances under which remands are permitted arise when the party seeking remand shows that: (1) there is new, non-cumulative evidence: (2) the evidence is "material" - i.e., both relevant and probative, so that there is a reasonable possibility that it would change the administrative result; and, (3) there is good cause for failure to submit the evidence at the administrative level. *Willis v. Secretary of Health and Human Services*, 727 F.2d 551, 554 (6th. Cir. 1984). While it is not, generally, difficult for a party seeking remand to show that evidence is new, it is, generally, onerous to demonstrate that the new evidence is material.

In this case, Plaintiff makes no argument whatsoever as to why the subject evidence was not or could not have been submitted to the ALJ. Thus, Plaintiff has failed to establish "good cause" pursuant to Sentence Six.

Even assuming, *arguendo*, that Plaintiff could establish "good cause," the

8

July 2008 statement from. Dr. Eadens is not material. The relevant period of time in this case begins with the date of alleged onset of disability, January 1, 2004 and ends on the date of the hearing decision, May 21, 2008. Dr. Eadens' assessment is dated July 18, 2008, two months after the hearing decision. Moreover, there is no indication in the assessment itself of how long the restrictions suggested therein were purported to have been in effect. Therefore, the materiality of this assessment is, at best, suspect. As such, the Court finds no cause for remand pursuant to Sentence Six.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 9 day of April, 2010.

Henry R. Wilhoit, Jr., Senior Judge